*GEORGE F. GUND v. CLEVELAND STORE FIXTURE CO.

GUARANTY OF SALE ADJUDGED NOT SET ASIDE FOR BREACH OF COLLATERAL CONTRACT.

A judgment upon a guaranty of payment endorsed on a contract of sale of bar furniture will not be set aside for error with respect to only one of two issues joined relative to an alleged failure to comply with a separately written agreement to furnish a union label to accompany the furniture; since the jury's general verdict may be taken to imply either that the latter agreement was executed and delivered subsequently to the endorsement or that such promise was complied with by tender of a union label that had been in the seller's possession some time.

[Proof of this decision was submitted to Judge Henry and corrected.—Ed.]

ERROR to common pleas court.

*Meyer & Mooney*, for plaintiff in error.

*Carr, Stearns & Chamberlain*, for defendant in error.

## HENRY, J.

The Cleveland Store Fixture Company recovered a judgment below against George F. Gund as guarantor of payment by the vendee in a contract for bar furniture to be furnished by said company.

In the view we take of this case, it is unnecessary to consider the question whether there is a defect of parties. Gund's guarantee was endorsed on the written contract of sale. By a separate written instrument the company promised Gund that the bar furniture should be accompanied with a union label, and this promise, he alleges in his answer, was not complied with. The plaintiff company in its reply alleges in substance:

First, that the written promise in regard to the union label was executed and delivered subsequently to the endorsement by Gund of his guarantee upon the contract of sale, and that it was without consideration and void.

---

*Affirmed, no op., *Gund* v. *Fixture Co.* 79 O. S. 446.

Gund v. Fixture Co.

Secondly, that even if valid the promise was fully performed, not indeed by furnishing bar fixtures that were wholly union made, but by tendering to the vendee a union label that had been in the company's possession from a former time when it carried on a union shop.

This label, it was claimed, was specifically contemplated by the terms of the written promise.

Upon the issues thus joined the jury found generally for the plaintiff company and against Gund.

It is obvious that this result may have been reached through either of the claims set forth in the reply. If the promise in regard to the union label was made after the guarantee, and was thus without consideration and void, it is unimportant whether plaintiff fulfilled it or not. If, on the other hand, the promise means what plaintiff claims, and was fulfilled according to its meaning, it is immaterial whether it was valid or invalid. The verdict as returned implies that the union label promise was an after consideration, and, therefore, unenforceable; also that it was performed according to the meaning and intent of the parties. It follows that unless the errors complained of here are such as to vitiate both aspects of the verdict, the judgment must be affirmed, inasmuch as the verdict and judgment can rest indifferently upon either ground. *McAllister* v. *Hartzell,* 60 Ohio St. 69, 95 [53 N. E. Rep. 715]; *Smith* v. *Gardner,* 57 Ohio St. 666; *National Union* v. *Rothner,* 57 Ohio St. 679; *Beecher* v. *Dunlap,* 52 Ohio St. 64 [38 N. E. Rep. 795]; *Tod* v. *Wick,* 36 Ohio St. 370, 389; *Union Cent. L. Ins. Co.* v. *Sutphin,* 35 Ohio St. 360.

See, however, *Pennsylvania Co.* v. *Miller,* 35 Ohio St. 541 [35 Am. Rep. 620], overruled, though not indeed on this point by *Toledo & O. C. Ry.* v. *Bowler,* 63 Ohio St. 274, 287 [58 N. E. Rep. 813]; *Butler* v. *Kneeland,* 23 Ohio St. 196; and *Sites* v. *Haverstick,* 23 Ohio St. 626.

The errors complained of relate chiefly, if not wholly, to the latter issue, and we think one or two of the points made by plaintiff in error as to the admission and exclusion of evidence, are well taken. On the other issue the evidence is in sharp conflict. Mr. Gund testifying that the written promise in re-

gard to the union label was executed and delivered before his guarantee was endorsed on the contract of sale. On the other hand the Cleveland Store Fixture Company's agent testifies just as distinctly that it was executed afterwards. The jury is the tribunal appointed by law to solve contradictions of this sort, and we cannot disturb its finding in this case. as being unsupported by the evidence; nor do we find any error in the record affecting the proper submission of this issue to the jury.

It follows, therefore, that the judgment below must be affirmed.

**Marvin** and **Winch, JJ.,** concur.